# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1643

_____

United States of America,

        Appellee,

v.

Ismael Garcia,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Western District of Missouri.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: February 4, 2010
Filed: April 29, 2010

_____

Before WOLLMAN, COLLOTON, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ismael Garcia pleaded guilty to conspiring to distribute 500 grams or more of methamphetamine mixture, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. The district court imposed a within-Guidelines-range sentence of 156 months in prison and 5 years of supervised release. Garcia appeals, arguing that the district court erred in making the drug-quantity calculations, and in classifying his 2007 state drug-trafficking conviction as prior criminal history rather than relevant conduct. We conclude that there was procedural error at sentencing, so we vacate the judgment and remand for further proceedings.

The conspiracy charge to which Garcia pled guilty alleged a conspiracy occurring between November 1, 2005, and August 1, 2006. The record at sentencing reflected that Garcia was convicted in Missouri state court in June 2007 for the offense of trafficking in drugs, second degree, on June 20, 2006. As the state drug trafficking offense occurred during the time frame of the federal conspiracy, the question arose at sentencing whether the 2007 Missouri conviction should be counted as a "prior sentence" for purposes of computing Garcia's criminal history score under the federal sentencing guidelines. The term "prior sentence" includes any sentence previously imposed upon an adjudication of guilt, if the sentence was "for conduct not part of the instant offense." USSG § 4A1.2(a). Conduct is "part of the instant offense" if it is "relevant conduct to the instant offense" under the provisions of USSG § 1B1.3.

At sentencing, Garcia argued that his methamphetamine trafficking in June 2006 was relevant conduct to the federal conspiracy that spanned from November 2005 through August 2006, and that the 2007 Missouri conviction was therefore based on conduct that was "part of the instant offense." On that basis, Garcia argued that the 2007 Missouri conviction did not result in a "prior sentence," and that the court should not assess three criminal history points for the 2007 conviction. *See* PSR ¶ 56.

The district court rejected Garcia's contention, stating that "to accept your argument, I would have to assume or conclude that the drugs involved in the Lafayette County instance were the same drugs that had been attributed to the defendant in this case." S. Tr. 46. Finding that the evidence did not show that the probation office had attributed drugs from the June 2006 offense conduct to Garcia in determining his offense level for the federal conspiracy, the court overruled Garcia's objection to the assessment of three criminal history points.

We conclude that there was procedural error in calculating the advisory guideline range, because the district court did not apply the correct legal standard in

ruling on Garcia's objection. To determine whether the 2007 Missouri conviction resulted in a "prior sentence," the court was required to determine whether the June 2006 conduct was relevant conduct to the federal conspiracy charged in this case. Whether the probation office attributed to Garcia the quantity of drugs involved in the June 2006 conduct is not dispositive. The question is whether those drugs *should have been* attributed to Garcia as relevant conduct under § 1B1.3. The district court never addressed this point. We express no view on the proper determination, but conclude that the case must be remanded for further consideration of Garcia's objection to the assessment of three criminal history points under paragraph 56 of the presentence report.

On Garcia's remaining contentions, we conclude that there is no procedural error. We review for plain error the argument first raised on appeal that the district court erred in using some amounts of methamphetamine mixture and some amounts of actual methamphetamine to calculate the total drug quantity, and we find none. See U.S.S.G. § 2D1.1(c)(B); § 2D1.1, comment (n.10(B)).

As to other arguments related to the drug quantity, we review the district court's calculations for clear error. See United States v. Plancarte-Vazquez, 450 F.3d 848, 852 (8th Cir. 2006). Based on the evidence presented by the government at the sentencing hearing, we conclude the district court did not clearly err in attributing to Garcia 23.48 grams of actual methamphetamine from a purchase made by an undercover detective on December 20, 2005; or in determining that Garcia was responsible for 2.5 pounds of methamphetamine discussed with an undercover detective on January 13, 2006, which included 34.52 grams of actual methamphetamine the detective bought during that same meeting. See U.S.S.G. § 1B1.3(a)(1)(A), (B) (relevant conduct includes all acts "committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused" by defendant; and in case of jointly undertaken criminal activity, all reasonably foreseeable acts and omissions of others in furtherance of jointly undertaken criminal activity); Plancarte-

Vazquez, 450 F.3d at 852 (when calculating drug quantity in context of narcotics-trafficking conspiracy, sentencing court may consider all transactions known or reasonably foreseeable to defendant that were made in furtherance of conspiracy; district court's assessment of witness's credibility is almost never clear error given that court's comparative advantage at evaluating credibility); see also Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74 (1985) (describing circumstances where district court's finding is clearly erroneous). Contrary to Garcia's argument, the drugs represented by the 34.52 grams were not double counted.

We reject Garcia's contention that the district court clearly erred by attributing to Garcia approximately two ounces of methamphetamine mixture that he displayed, but did not sell, to an undercover detective on January 10, 2006. It was not clear error for the court to credit the detective's testimony that Garcia admitted to possessing four ounces total during the January 10 transaction, two of which were not distributed.

For the foregoing reasons, we vacate the judgment and remand for resentencing.

_____